NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLINDA CONTRERAS DE RAMOS, | No. 19-71670 |
| Petitioner, | Agency No. A092-923-376 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2023[**]
Pasadena, California

Before: BOGGS,[***] IKUTA, and DESAI, Circuit Judges.

Petitioner Carlinda Contreras De Ramos ("Contreras"), a native and citizen of

Honduras, petitions for review of the order of the Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

("BIA") denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we review the BIA's denial of a motion to reopen for abuse of discretion. *Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014). We deny the petition.

In 2018, Contreras filed a motion to reopen, alleging that her prior counsel provided ineffective assistance during removal proceedings more than a decade earlier. The BIA denied the motion as untimely. The BIA also held, in the alternative, that the BIA did not lack jurisdiction based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), an issue Contreras did not raise.

The BIA did not abuse its discretion in denying Contreras's motion as untimely. Contreras waited over twelve years to pursue relief, yet she does not claim, let alone show, that she acted with the diligence required to equitably toll the 90-day filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Bonilla v. Lynch*, 840 F.3d 575, 583–84 (9th Cir. 2016) (holding that the petitioner failed to "demonstrate the diligence necessary for equitable tolling" when he waited six years to take any action after the deportation order and gave "no explanation for waiting that long").

Contreras also does not challenge the BIA's holding that she failed to show diligence and therefore she has forfeited the argument. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). Instead, she argues the BIA "acted arbitrarily and irrationally" and violated her "right to due process" when it addressed a

2

jurisdictional issue that Contreras did not raise and "failed to properly assess and respond to the arguments" that she did raise. This argument fails. The BIA correctly denied Contreras's motion as untimely, and that issue is dispositive. *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring that a petitioner must show error and prejudice to "prevail on a due process challenge to deportation proceedings"); *see also Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (holding that the BIA need not reach issues "unnecessary to the results" after it decides a dispositive threshold issue (citation omitted)).

The petition is **DENIED**.